**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE TRUSTEES OF THE UNITED TEAMSTER FUND, and THE UNITED TEAMSTER LEGAL FUND,

                Plaintiffs,

- against –

LONG ISLAND COMMUNITY HOSPITAL,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF

**COMPLAINT**

20-CV-

Plaintiffs, the Boards of Trustees of the United Teamster Fund (the "UTF") and the United Teamster Legal Fund (the "Legal Fund") (collectively, the "Funds"), by their attorneys, Cary Kane LLP, respectfully allege as follows:

NATURE OF THE ACTION

1. This action is brought under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145, to recover contributions and interest owed to the Funds in accordance with applicable collective bargaining agreements, relevant plan documents and applicable law.

JURISDICTION AND VENUE

2. This Court has jurisdiction of this action pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145.

3. Venue properly lies in this judicial district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Funds are administered in this District.

## THE PARTIES

4. At all times material hereto, the UTF was an "employee welfare benefit plan" and a "multiemployer plan" as defined by Sections 3(1) and 3(37) of ERISA, 29 U.S.C. §§ 1002(1) and 1002(37). The UTF is administered at 2137 Utica Avenue, Brooklyn, New York.

5. At all times material hereto, the Legal Fund was an "employee welfare benefit plan" and a "multiemployer plan" as defined by Sections 3(1) and 3(37) of ERISA, 29 U.S.C. §§ 1002(1) and 1002(37). The Legal Fund is administered at 2137 Utica Avenue, Brooklyn, New York.

6. At all times material hereto, the Trustees of the Funds were the "plan sponsors" of the Funds, as defined by Section 3(16)(B) of ERISA, 29 U.S.C. § 1002(16)(B). The Trustees are also "fiduciaries" of the Funds, as defined by Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

7. At all times material hereto, Defendant Long Island Community Hospital (the "Hospital") was a participating employer in the Funds and contributed to the Funds on behalf of its employees covered by a collective bargaining agreement (the "CBA") between the Hospital and Teamsters Local 202 (the "Union"). The Hospital is located at 101 Hospital Road, Patchogue, New York.

8. As the Hospital is not a natural person, it is not incompetent or in military service.

9. At all relevant times hereto, the terms and conditions for employment and benefits offered to those of the Hospital's employees who belonged to the Union,

including the terms under which such employees would participate in the Funds, were set forth in the CBA.

10. The Hospital was and remains obligated under the CBA to remit monthly contributions to the Funds on behalf of its participating employees no later than the 10th day of each month.

11. The Hospital failed to timely pay the UTF contributions due on or before January 10, 2020, February 10, 2020 and March 10, 2020.

12. The contributions owed to the UTF total $437,640.

13. The Hospital failed to timely pay the Legal Fund contributions due on or before January 10, 2020, February 10, 2020 and March 10, 2020.

14. The contributions owed to the Legal Fund total $4,272.

15. The Hospital will owe the Funds additional contributions as of April 10, 2020.

16. In addition to the unpaid contributions, and, in accordance with Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the Hospital is liable to the Funds for interest and liquidated damages on the unpaid contributions, and the legal fees and costs incurred in recovering the monies due from the Hospital.

## AS AND FOR A FIRST CAUSE OF ACTION

17. Plaintiffs reassert and re-allege paragraphs "1" through "16" and incorporate them herein.

18. Despite its obligations under the CBA, the Hospital has willfully failed to pay contributions which were due to the Funds in January 2020, February 2020 and

March 2020, and may incur additional delinquencies during the course of this legal action.

19. In accordance with Section 515 of ERISA, 29 U.S.C. § 1145, the Hospital is liable for the unpaid contributions now due and any contributions that are subsequently delinquent.

20. In accordance with Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the Hospital is also liable to the Funds for interest and liquidated damages on all unpaid contributions, and the legal fees and costs incurred in recovering the monies due from the Hospital.

## PRAYER FOR RELIEF

WHEREFORE, the Funds pray that this Court enter judgment in their favor and against the Hospital and, more particularly, that this Court order the Hospital to pay to the Funds:

(a) $437,640 in unpaid contributions owed to the UTF;

(b) $ 4,272 in unpaid contributions owed to the Legal Fund;

(c) All subsequent contributions to the Funds that are not paid by the Hospital when due;

(d) Interest accrued on the unpaid contributions from the dates due through the date(s) of payment;

(e) Liquidated damages, in accordance with Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

(f) The legal costs and attorneys' fees incurred by the Funds in this action, in accordance with Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2); and

(g) Such other and further relief as the Court may deem just and proper.

DATED: April 8, 2020
      New York, New York

CARY KANE LLP

　　　　　/s/
By: Susan Bruno

1350 Broadway, Suite 1400
New York, New York 10018
T: 212-868-6300
F: 212-868-6302
sbruno@carykane.com
*Attorneys for Plaintiffs*